UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| TERRILL GOODS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 24-164-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| DARYL COX, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In May 2023, Terrill Goods, Sr. was sentenced by United States District Judge David Bunning of this Court to 420 months' imprisonment following a guilty verdict for various drug trafficking and firearms offenses. *See United States v. Terrill Goods*, Criminal Action No. 2: 22-17-DLB-CJS-1 (E.D. Ky. 2022). [Record No. 208 therein] The Sixth Circuit affirmed the defendant's conviction and sentence. And earlier this week, the United States Supreme Court denied his petition for a writ of *certiorari*. *See United States v. Terrill Goods*, No. 23-5489, 2024 WL 3064538, at \*1 (6th Cir. Mar. 18, 2024), *cert. denied*, No. 23-7738, 2024 WL 4427063 (U.S. Oct. 7, 2024).

In January 2023 and again in May 2023, Goods filed motions in his criminal case purportedly seeking relief under the Hobbs Act, 18 U.S.C. § 1951. In each motion, he complained of alleged misconduct by (and alleging a conspiracy between) the presiding judge, one or more of his seven defense attorneys, and two prosecuting attorneys. [Record No. 169; Record No. 212 therein] Both motions were denied. [Record No. 172; Record No. 224 therein]

-1-

In May 2024, and while confined at the Federal Correctional Institution in Welch, West Virginia, Goods filed in the United States District Court for the Southern District of West Virginia a similar *pro se* handwritten document styled as a "Complaint Motions for 1951 the Hobbs Act 'Extortion' under Color of Right; 18 U.S.C. 371 Conspiracy to Defraud the United States; 18 U.S.C. 242 Deprivation of Rights." [Record No. 1] Goods asked the West Virginia Court in that filing to subpoena a variety of documents related to the criminal prosecution from the alleged conspirators identified above. *See id*. at 1. Although Goods's sole request was for the issuance of subpoenas, the West Virginia Court construed Goods's filing as a civil complaint filed pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a judicially-implied remedy that provides only for damages. [Record No. 3 at 1] So construed, that Court transferred the action to this District on grounds of improper venue. *See id*. at 1-2.

Because Goods's "complaint" does not seek damages but, instead, seeks only subpoenas to compel the production of documents, it is not properly considered a complaint under *Bivens*. *Cf. Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). The Court, therefore, will dismiss this action, without prejudice to Goods's right to seek the desired documents by appropriate means.[1]

---

[1] Goods primarily requests trial transcripts [Record No. 1 at 1] and he recently filed requests for those materials in his criminal case. [*See* Record No. 261; Record No. 264 therein.] The Clerk has advised Goods regarding the proper submission of such requests and provided him with the appropriate forms. [*See* text docket entries dated September 19, 2024, and September 30, 2024.] The balance of Goods's requests, although ill-defined, appear to seek documents which he can obtain from defense attorneys previously retained or appointed in the case.

-3-

Accordingly, it is hereby **ORDERED** as follows:

1. Goods's construed complaint [Record No. 1] is **DISMISSED** without prejudice.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: October 10, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky